UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-401-FMO (KS)                                    Date: January 17, 2020

Title   _Oscar Cedano v. Unnamed Respondent_

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|                Gay Roberson                |                    N/A                    |
| :----------------------------------------: | :---------------------------------------: |
|                Deputy Clerk                |          Court Reporter / Recorder        |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL OF UNSIGNED, UNVERIFIED PETITION**

**I.      Introduction**

        On January 14, 2020, Petitioner, a California state prisoner proceeding _pro se_, filed an unsigned Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition").  (Dkt. No. 1.)  According to the Petition, Petitioner is challenging a November 9, 2017 conviction and May 3, 2017 sentencing for murder in the first degree in violation of California Penal Code § 190.2(a) with findings of special circumstances that the murder was: for financial gain (Cal. Pen. C. § 190.2(a)(1)); and accomplished by means of lying in wait (Cal. Pen. C. § 190.2 (a)(15)).  (_See_ Petition at 2.)  Petitioner's sentence was enhanced based on firearm use pursuant to Cal. Pen. C. § 122022.53(b), (c), and (d).  (_Id._)  Petitioner was sentenced to a term of 25 years-to-life in state prison.  (_Id._)

        The Petition indicates that it presents two grounds for federal habeas relief.  (_See_ Petition at 5.)  However, Petitioner does not specify anywhere on the form Petition the exact nature of these claims or the facts supporting each ground.  (_See generally id._)  Instead, next to "Ground One" and "Ground Two," Petitioner simply states "Attachments."  (_Id._)  Attached to the Petition are what appear to be pages 12-17 of excerpts from one of Petitioner's briefs on direct appeal.  (_See_ Petition at Page ID #11-16.)[1]  The Attachments to the Petition present the following headings and arguments:

---

[1]        Petitioner did not consecutively paginate the attachments, therefore, for ease of reference, the Court cites to these pages using the page identifiers assigned by the Court's CM/ECF electronic docketing system.

## CIVIL MINUTES – GENERAL

Case No.   CV 20-401-FMO (KS)                                    Date: January 17, 2020

Title   _Oscar Cedano v. Unnamed Respondent_

(1)     "The discretion afforded the trial court by newly-amended section 122022.53,subdivision(h) applies to [Petitioner's] case, and this Court should remand the case to allow the trial court to consider its new-found discretion." (Petition at Page ID #11.)

(2)     "The discretion to dismiss or strike a firearm enhancement is the sentencing court's alone." (_Id._ at Page ID #13.)

(3)     "The court sentenced [Petitioner] to statutorily-mandated terms and offered no comments on which this Court can rely to predict how the court would [Petitioner] on remand." (_Id._ at Page ID # 14 (errors in original).)

(4)     "[Petitioner] cannot be denied an informed sentence based on the speculation a change in sentence will never affect his period of incarceration." (_Id._ at Page ID # 16.)

## II.     Rule 4 Requirements Governing Petitions for Writ of Habeas Corpus

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. _Boyd v. Thompson_, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. _Id._ at 1128. To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. _Id._ **This Order is intended to give Petitioner notice that the Petition is subject to dismissal because it is unsigned and does not present a cognizable claim for federal habeas relief.**

## III.     Petition is Unsigned and Does Not Name A Respondent

In violation of 28 U.S.C. § 2242 and Habeas Rule 2(c)(5), the Petition is not signed and is not verified. As a result, this action cannot go forward.

The Petition also fails to name a respondent. Under the federal habeas statute, the proper respondent to a prisoner's habeas petition is the warden of the facility where the prisoner is incarcerated. _See_ 28 U.S.C. § 2242; _and see Rumsfeld v. Padilla_, 542 U.S. 426, 435 (2004) (noting

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-401-FMO (KS)                              Date: January 17, 2020

Title      *Oscar Cedano v. Unnamed Respondent*

"the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

The failure to sign and verify the Petition and to name the proper Respondent are defects that can be corrected. However, these are not the only defects that require dismissal of the Petition.

## IV.    Petition Violates Habeas Rule 2 and Does Not State Cognizable Grounds for Relief

Habeas Rule 2 requires, *inter alia*, that a habeas petition specify the grounds for relief, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner. Because the Petition does not clearly identify the legal and factual basis for Petitioner's claims, the Petition is subject to dismissal.

Further, the federal habeas statute, 28 U.S.C. § 2254, confers jurisdiction on a district court to issue a writ of habeas corpus on behalf of a person in custody <u>only</u> "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See also Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam); *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973) (habeas relief is not available for a state prisoner's claims that do not challenge "the fact or duration of his physical confinement itself"). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

The Petition, however, does not allege that the fact or duration of Petitioner's confinement violates the Constitution or federal law. Instead, based on the Attachments, Petitioner appears to allege only a state law error—namely, that the state courts erred by failing to resentence him pursuant to an amendment to California Penal Code § 12022.53(h) that was enacted while Petitioner's direct appeal was pending. (*Id.* at Page ID #12.) Even if Petitioner's interpretation of state law is correct, his claim—that his sentence is inconsistent with *state* law— is not cognizable on *federal* habeas review. *See Estelle*, 502 U.S. at 67-68 ("federal habeas corpus relief does not lie for errors of state law . . . a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States") (internal quotation marks and citations omitted).

Accordingly, the Petition is also subject to dismissal for its failure to state a claim on which habeas relief can be granted.

\\

## CIVIL MINUTES – GENERAL

Case No.   CV 20-401-FMO (KS)                                    Date: January 17, 2020

Title      _Oscar Cedano v. Unnamed Respondent_

---

## V.      Conclusion and Order

In sum, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" because the Petition:  is unsigned; fails to clearly specify the grounds for relief and the facts supporting each ground, in violation of Habeas Rule 2; and, even if liberally construed, does not present a cognizable claim for federal habeas relief.  *See* Habeas Rule 4. Nevertheless, the Court grants Petitioner the opportunity to correct these defects by filing a First Amended Petition using the Central District's form.

**IT IS THEREFORE ORDERED that, to discharge this Order and avoid dismissal, Petitioner, no later than February 16, 2020, shall file a First Amended Petition that does <u>all</u> of the following:**

(1) is signed and verified by Petitioner;

(2) names the proper Respondent, *i.e.*, the Warden of the facility where Petitioner is held;

(3) clearly and unambiguously identifies the number of, and legal basis for, Petitioner's grounds for habeas relief; and

(4) provides a statement of facts supporting each ground for relief that is sufficient to point to "a real possibility" of a violation of the Constitution or federal law.  *See* Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4.

Alternatively, Petitioner may file a signed document entitled Notice of Voluntary Dismissal if he no longer wishes to proceed with this action.

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition.

**IT IS SO ORDERED**.

|                                         |        :        |
| --------------------------------------- | --------------- |
| **Initials of Preparer**                | gr              |

---